**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4408

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WINZEL DALLAS JACOBS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00114-WO-2)

Submitted:  May 22, 2023                                    Decided:  June 8, 2023

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  James E. Quander, Jr., WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Winzel Dallas Jacobs appeals the district court's judgment revoking his supervised release and sentencing him to 18 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for review but questioning whether the district court properly revoked Jacobs' supervised release and whether the revocation sentence was reasonable.[*] During the pendency of this appeal, Jacobs was released from incarceration.

Before addressing the merits of an appeal, we must first consider whether the appeal presents "a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017) (internal quotation marks omitted). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (cleaned up). That is because "federal courts have no authority to give opinions upon moot questions . . . or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Id.* (internal quotation marks omitted).

Because Jacobs has already served his term of imprisonment and the district court did not impose any additional term of supervised release, there is no longer a live

---

[*] The Government declined to file a brief. Jacobs was informed of his right to file a pro se supplemental brief, but did not file one.

2

controversy regarding the revocation of his supervised release.  Thus, Jacobs' appeal is moot.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no grounds upon which we have jurisdiction.  We therefore dismiss the appeal as moot.  This court requires that counsel inform Jacobs, in writing, of the right to petition the Supreme Court of the United States for further review.  If Jacobs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jacobs.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*